# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## *Alexandria Division*

| | |
|---|---|
| RANDI LEE ECKHARDT,<br>    *Disabled: Suspect Classification*<br><br>GWEN RUTH PRICER,<br>    *Disabled*<br><br>        Plaintiffs<br><br>    v.<br><br>THE CITIZENS NATIONAL BANK OF BLUFFTON<br>CITIZENS BANCSHARES INC.<br>THE CITIZENS NATIONAL BANK, LIMA OHIO<br>MARY ANN GEORGE<br><br>        Defendants | Case No._____<br><br>Jury Trial ☐Yes ☐No |

## COMPLAINT FOR NEGLIGENCE

Plaintiffs Randi Lee Eckhardt, who is "*saddled with such disabilities*" and is a citizen of the *"Suspect Classification"*, 411 U.S.C. § 1, 28, and thus requires the protections provided under the Fourteenth Amendment to the U.S. Constitution andGwen Ruth Pricer,who is medically disabled with Aggressive Metastatic Cancer, 258 N.W. 558, 567, bring this case against The Citizens National Bank Of Bluffton, Citizens Bancshares Inc, The Citizens National Bank Lima, Ohio, Mary Ann George, Vice President Loan Originator

1

for Citizens National Bank, Lima Ohio,to address the harm your Plaintiff's are

suffering in connection with among other things, the intentional

misrepresentations regarding the inception of a mortgage loan from The

Citizens National Bank Of Bluffton, along with a pattern of intolerable conduct

causing physical injury, property loss, and severe emotional distress on the

plaintiffs.*The Plaintiff's hereby request that the Honorable United StatesDistrict*

*Court for the Eastern District of Virginia appoint pro bono counsel to act on their*

*behalf and protection.*

## I. JURISDICTION

1.      This court has subject matter jurisdiction under 42 U.S.C. § 3613 (1) (A)

and 28 U.S.C. § 1331.

2.      This court has diversity jurisdiction under 28 U.S.C. § 1332(a)(c),

because the controversy is between citizens of different states and the matter

involved exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      Venue is proper under 28 U.S.C. § 1391 (b)(2)(c), because a substantial

part of the property was Heard before the Commonwealth of Virginia, in the

Fifteenth Judicial Circuit Court in Stafford County in the Eastern District of

Virginia and a corporation shall be deemed to reside in any judicial district in

which it is subject to personal jurisdiction at the time the action is commenced

and that the initial civil and criminal actions contained within the Plaintiff's

Complaint began in the State Of Virginia, in the Eastern District of Virginia.

## II. THE PARTIES

**A.**     **Plaintiffs**

     4.      Randi Lee Eckhardt (mentally and physically disabled)
             44 West Franklin Street # 1391
             Hagerstown, Maryland 21740
             Home: (567)712-1499
             Cell: (419)979-3439

     5.      Gwen Ruth Pricer
             44 West Franklin Street #1391
             Hagerstown, Maryland 21740
             Home: (567)712-1499
             Cell: (419)979-3439
             Email: pricergwen@gmail.com

**B.**     **Defendants**

     6.      The Citizens National Bank of Bluffton
             102 South Main Street,
             Bluffton, Ohio 45817
             (419)358-8040
             www.cnbohio.com

     7.      Citizens Bancshares, Inc.
             C.E.O. J. Michael Romey
             Citizens National Bank Holding Company (Regulatory Top Holders)
             *FDIC Number: 6531, Federal Reserve Number 73801*
             102 South Main Street,
             Bluffton, Ohio 45817
             (419)358-8040
             www.cnbohio.com

     8.      Citizens National Bank
             201 North Main Street,
             Lima, Ohio 45801
             (419)224-0400
             www.cnbohio.com

     9.      Mary Ann George
             Vice President Loan Originator
             Citizens National Bank
             201 North Main Street,
             Lima, Ohio 45801
             (419)224-0400
             www.cnbohio.com

## III. FACTUAL ALLEGATIONS

10.     On or about the beginning of March, 2005, the Plaintiff Gwen Ruth Pricer, (a single mother), was in contact with Ms. Laura Bender of Cowan Realtors located at 889 Shawnee Road, Lima, Ohio 45805, to assist in acquiring a mortgage loan and locate a home and property.

11.     The residents of the home would include Plaintiff Randi Lee Eckhardt, (*mentally and physically incompetent*), Plaintiff Gwen Ruth Pricer, (*diagnosed with "Severe Post Traumatic Stress Syndrome during the years of 2001 thru 2007"(PTS)*, and her son DavidC.M.Pricer.

12.     The Plaintiff Gwen R. Pricer, had the sum of Forty-thousand dollars to be used as a down payment for a mortgage loan on a home.

13.     On March 10, 2005, upon Plaintiff Pricer and Ms. Bender locating the home and property located at 7301 Ft. Amanda Road Lima, Ohio, the Plaintiff Pricer, met with Ms. Bender in her office at Cowan Realtors in Lima, to sign a Real Estate Purchase Contract.  The Plaintiff Pricer, included the name of Plaintiff Randi Lee Eckhardt on the contract as Defendant Citizens National Bank Of Bluffton, was requiring Plaintiff Eckhardt to sign the mortgage loan documents.  Ms. Bender had previously been in contact with Defendant Mary Ann George, Vice President Loan Originator for Citizens National Bank in Lima, Ohio, and had been advised of the bank requirements for the Plaintiff Gwen Ruth Pricer, to secure a mortgage loan through the bank.  The requirements of The Citizens National Bank Of Bluffton included the following:

4

a.   *The Plaintiff, Gwen R. Pricer, would provide a down payment of Forty-thousand dollars plus additional fees,*

b.   *the Plaintiff, Randi Lee. Eckhardt, would sign the mortgage loan in person at the Citizens National Bank facility in Lima, Ohio,*

c.   *the Plaintiff Randi Lee Eckhardt would sign an application for a demand deposit checking account for direct deposit of her Federal Social Security funds to secure automatic monthly withdrawal by the bank for payment of mortgage loan, taxes and insurance,*

d.   *the Plaintiff Pricer, would provide a current copy of the marital Separation Agreement dated in the year of 2004 between herself and David Blaker Pricer, a resident of the State of Virginia,*

e.   *David Blaker Pricer co-sign the mortgage loan,*

f.   *Plaintiff Pricer, would provide a partial copy of her final divorce decree from James T. Eckhardt (father of Plaintiff Randi Lee Eckhardt, who is deceased).*

14.   During loan negotiations with the Plaintiff Pricer, Defendant Mary Ann George of The Citizens National Bank Of Bluffton and Ms. Laura Bender of Cowan Realtors, acknowledged that Plaintiff Randi Lee Eckhardt, did not have the mental capacity or competence to understand the language contained in mortgage loan documents or to apprehend the effect that would be caused by her penning her signature on the loan documents.  Defendant Mary Ann George, stated that she understood that Plaintiff Eckhardt, did not have the mental capacity to understand the nature and effect caused by her signature on establishing a demand deposit checking account, *(Direct Payment: One resulting immediately and unconditional as to the time, amount, and the persons by whom and to whom it is to be made)* whereupon her, Federal Social Security funds would secure the monthly payment for the mortgage loan, insurance,

and taxes to the bank.  *Defendant Mary Ann George assured Plaintiff Pricer that Citizens National Bank only required that Plaintiff Randi Lee Eckhardt have the ability to pen her name on the loan documents and checking account application according to the laws of the State of Ohio, even though Citizens National Bank as a National Bank is regulated by Federal Regulations*  >See 310 F. 2d 262, 267. Plaintiff Pricer additionally advised Defendant Mary Ann George and Ms. Bender of the extreme medically uncontrollable convulsive seizures that Plaintiff Randi Lee Eckhardt has experienced since her early childhood which causes on-going brain damage.  The recurring and disabling effects of PTS caused the Plaintiff Pricer to place her complete confidence and trust in The Citizens National Bank Of Bluffton and Cowan Realtors during the process of purchasing her first home.

15.    Closing and Settlement was scheduled for the 15th day of April 2005, at Citizens National Bank located at 201 North Main Street, Lima Ohio 45802. The mortgage loan title search was prepared and completed by the office of <u>Romey and Vandemark,</u> located at 330 North Main Street, Lima Ohio 45802, >See A. 477, 480 and mortgage loan documents by legal counsel for The Citizens National Bank of Lima.  Defendant Mary Ann George notified Plaintiff Pricer that this action by The Citizens National Bank Of Lima, was caused by the poor credit rating of Plaintiff Pricer and David Blaker Pricer, and lack of any credit score attainable for Plaintiff Randi Lee Eckhardt.  Defendant Mary Ann George notified Plaintiff Pricer that it was <u>*unnecessary*</u> for Plaintiff Pricer to expend additional funds to retain legal counsel as <u>*Fannie Mae and Freddie Mac*</u>

*had turned the loan down* and it would be necessary for Citizens National Bank in Lima, to provide the mortgage loan *"In House"*.

16.     On April 15th, 2005, Plaintiff Randi Lee Eckhardt and Plaintiff Pricer, and her son David C.M. Pricer, met Ms. Bender from Cowan Realtors at Citizens National Bank in Lima, for Settlement and Closing of the mortgage loan. Plaintiff Pricer again informed Defendant Mary Ann George and Ms. Bender, that Plaintiff Randi Lee Eckhardt, *could not comprehend the events taking place other then she would be writing her name several times*.   Plaintiff Pricer informed the Defendant Mary Ann George that she could not interpret to Plaintiff Randi Lee Eckhardt, the language contained within the mortgage documents, as she did not have the capacity to understand the legalese within the loan documents >See 42 U.S.C. § 12182(D)(i)(ii). Plaintiff Pricer explained to Defendant Mary Ann George, that she was placing "her faith and every cent that she owned in Citizens National Bank and her, as this was the first home Plaintiff Pricer had ever purchased". Defendant Mary Ann George reiterated that she was aware of these circumstances and repeated again that the bank only needed Plaintiff Randi Lee Eckhardt to write her name on the mortgage loan documents and establish a demand deposit checking account by penning her name on the bank account application.  Defendant Mary Ann George, as Vice President Loan Originator for Citizens National Bank in Lima, personally notarized the signature of Plaintiff Randi Lee Eckhardt, Plaintiff Gwen R. Pricer and David Blaker on the mortgage loan documents during the Closing and Settlement process of the mortgage loan.  Mortgage loan Documents were sent

7

sent to David Blaker Pricer in Fredericksburg, Virginia for his signature prior to Settlement and Closing of the Mortgage loan and notarized by the Defendant Mary Ann George on Settlement day, though he was not present in person to have his signature notarized in Ohio>See 310 F. 2d 262, 267. This action by Defendant Mary Ann George caused the fraudulent mortgage loan to be initiated in the Eastern District of the State of Virginia. Defendant Citizens National Bank in Lima and Defendant Mary Ann George did not require or request that Plaintiff Randi Lee Eckhardt furnish any published identification of herself or her legal signature. Plaintiff Randi Lee Eckhardt was not asked to provide published proof of her identity until the year of 2016, during her interrogation in Lima, Ohio.

17.     On October 18, 2017, during divorce proceedings between Plaintiff Gwen R. Pricer and David BlakerPricer in the Circuit Court for the County of Stafford, Virginia, Mr. Pricer under sworn testimony to the Court denied that he had co-signed the mortgage loan held by DefendantsThe Citizen National Bank of Lima.During cross-examination of his testimony, Mr. Pricer was presented a copy of the recorded mortgage loan and was caused to recant his testimony which caused him to commit perjury to the Court> See 166 N.J. 391 (hiding litigation evidence).  The defendant Mary Ann George and Mr. Pricer both denied the signature of Mr. Pricer.  On the 19th of October 2017, counsel for Mr. Pricer presented to the Court (upon taking the responsibility of relieving the Court from unnecessary paperwork), the Final Order to Court that reflected a change in the name of **Pricer to Price** (among other errors).  The use of the

8

incorrect name would have caused the Divorce Order needing to be corrected in additional Hearings and allowing Mr. Pricer to take advantage of the Ohio State Dowry Laws providing him monetary access to the home and property mortgaged by The Citizens National Bank of Lima upon Plaintiff Gwen Ruth Pricer's passing. <u>Starting in the year of 2015 through October 19, 2017,</u> counsel for Mr. Pricer continued to present to the Circuit Court for the County of Stafford, Virginia, false and inaccurate pleadings officially signed by the counsel on behalf of Mr. Pricer (records recorded within the Stafford County Circuit Court/Judge Willis presiding).<u>On the 19th of October 2017, counsel for the Defendants, Citizens National Bank of Bluffton, Citizens Bancshares, Inc., The Citizens National Bank, Lima Ohio and Mary Ann George, filed a "Motion To Quash Service by Special Appearance" (Case No.: 1:17 cv00992 LMB).</u>

18.     During the Closing and Settlement meeting at Citizens National Bank in Lima, Defendant Citizens National Bank and Defendant Mary Ann Georgeexcluded Plaintiff Randi Lee Eckhardt from all conversations regarding the mortgage loan process that took place at the bank>See 42 U.S.C. § 12182 (a),Plaintiff Randi Lee Eckhardt became stressed and had a convulsive seizure in the midst of being required to sign the numerous loan documents. Defendant(s), The Citizens National Bank Of Bluffton, Citizens National Bank in Lima, and Defendant Mary Ann George*did not* assist in assuring the safety of Plaintiff Randi Lee Eckhardt prior to the meeting or at the bank during her convulsive epileptic seizure>See 28 C.F.R. §  36.304(a)(b)(4)(c)(c)(2)(4) and 28 C.F.R.§ 36.305(a)(b)(3).  Additionally, Defendant Mary Ann George left the

conference room in the midst of Plaintiff Eckhardt having the convulsive

epileptic seizure and another bank employee was made to take her place to

complete the Settlement and Closing process after Plaintiff Eckhardt recovered.

Upon Plaintiff Pricer and her son, helping Plaintiff Eckhardt to recover from her

seizure episode, Plaintiff Pricer was informed by bank employees, that the

Defendant Mary Ann George _could not handle_ the Plaintiff Eckhardt having her

epileptic seizure and would not return to complete the Closing process of the

mortgage loan. This action by Defendant Mary Ann George exemplifies the

exclusion, segregation and denial of needed services that Plaintiff Randi Lee

Eckhardt experienced throughout the mortgage loan process and the ensuing

years 42 U.S.C. § 12182 (B)(2)(A)(iii).

19.    In February of 2016, the Plaintiff Gwen Ruth Pricer accompanied Plaintiff

Randi Lee Eckhardt to Citizens National Bank in Lima, to video tape the

Plaintiff Eckhardt endeavoring to deposit her coin savings into her required

_demand deposit checking account_ on her own accord. The bank teller employee

was not trained to assist Plaintiff Eckhardt and became confused and

frustrated > See 42 U.S.C. § 12182 (B)(2)(A)(iii).The employee left her window

leaving Plaintiff Eckhardt standing alone incapable of communicating her

needs.  Both Plaintiffs were eventually approached by the bank branch

manager and legal counsel who _firmly_ demanded that the Plaintiffs enter a

private inner office. Present in the office were at least three other individuals

that Plaintiff Pricer had never met. Legal counsel for the bank stated that the

bank did not know if Plaintiff Randi Lee Eckhardt was who she claimed to

beand wanted to speak to Plaintiff Eckhardt separately as Plaintiff Pricer was answering all the questions being asked by those present in the office.  Plaintiff Pricer agreed to step outside the office, but intervened when legal counsel began to interrogatePlaintiff Eckhardt in a domineering manner and made demands on her that would cause great fear and a convulsive epileptic seizure. Plaintiff Pricer removed Plaintiff Randi Lee Eckhardt from the office and proceeded to make the deposit for Plaintiff Eckhardt > See 60 F. Supp. 235, 236 and 148 F. Supp. 75, 77.

20.    In or about March of 2016, Plaintiff Gwen Ruth Pricer, arranged to have Plaintiff Eckhardt's Federal Social Security funds to be deposited to a Federal Direct Express Master Credit Card.

21.    On April 06, 2016, Plaintiff Gwen Ruth Pricer issued a check from her personal account at PNC National Bank to make the monthly mortgage payment at Citizens National Bank in Lima.  The teller began to process the payment directly to the mortgage loan account when she suddenly stopped and went to the bank head teller Ms. Yvonne Russell.  Ms. Russell arrived at the window and stated that the check would need to be deposited into the *demand deposit checking account*and could not be paid directly to the mortgage loan account.  Ms. Russell stated that Plaintiff Pricer had requested that the funds Plaintiff Randi Lee Eckhardt received from Social Security would be direct deposited to the checking account for payment of the mortgage loan. Plaintiff Pricer denied this allegation and reminded her that the Bank *required*Plaintiff Eckhardt to direct deposit her funds into the checking account. Ms. Russell

then voided the first transaction to make the payment to the actual mortgage loanaccount and proceeded to deposit Plaintiff Pricer's personal check into the demand *deposit checking account*. The *demand deposit checking account* held a negative balance caused by the mortgage loan payment that was due.

22.    In May of 2016,Plaintiff Gwen Ruth Pricer issued a check from her personal account at PNC National Bank to make the monthly mortgage payment at Citizens National Bank in Lima, Ohio and again payment by Plaintiff Pricer was deposited to the *demand deposit checking account*and not the mortgage loan account.

23.    In June of 2016, when Plaintiff Gwen Ruth Pricer entered the Citizens National Bank in Lima, to submit the monthly mortgage loan payment, the bank's head teller Ms. Yvonne Russell, called her to her teller window and had in hand the signature card that Citizens National Bank had required Plaintiff Randi Lee Eckhardt to sign during the Closing and Settlement meeting that took place in April of 2005.  Ms Russell stated that if Plaintiff Pricer would sign the signature card then Citizens National Bank could process the monthly mortgage payments directly to the loan account.  Plaintiff Pricer refused to sign the card and Ms. Russell became nervous and hurriedly placed the signature card directly behind her and proceeded to deposit the mortgage payment to the *demand deposit checking account*.This action by Ms. Russell was to camouflage the fraudulent actions of Citizens National Bank when they required Plaintiff Eckhardt to submit her Federal Social Security funds into a Demand Deposit checking account.

24.    In August of 2016, Plaintiff Gwen Ruth Pricer received a Certified Letter through the mail advising her that in thirty days, the _demand deposit checking account_that Plaintiff Randi Lee Eckhardt was required to establish in 2005, was to be closed and that Plaintiff Pricer was not to enter into or upon any of the properties or branchesowned by The Citizens National Bank Of Bluffton or Plaintiff Pricer could be arrested for trespass 42 U.S.C. § 12182 36.206.

25.    On or about September 14, 2016, Plaintiff Gwen Ruth Pricer received a Certified Letter advising her of the closure of the demand deposit checking account Plaintiff Eckhardt was required to establish.  Also enclosed, was a Cashier's Check payable to Plaintiff Pricer in the amount of Eleven dollars and thirty four cents. Since August of 2016, when The Citizens National Bank closed the Demand Deposit Account, the Plaintiff's have been charged a late fee against their mortgage loan because The Citizens National Bank did not accept the certified registered mail prior to the payment late payment day of the 16th. Payments were consistently presented to the Defendants Post Office Box in Bluffton, Ohio prior to the 16th.

26.    During the Closing and Settlement meeting on April 15, 2005, Defendant Mary Ann George asked Plaintiff Gwen Ruth Pricer the name(s) that were to be placed on the Warranty Deed for the home and property Plaintiff Pricer was purchasing.  Plaintiff Pricer having placed her faith and trust in Defendant Citizens National Bank and Defendant Mary Ann George, decided that Plaintiff Randi Lee Eckhardt should be placed on the deed along with her.  This decision by Plaintiff Pricer was based on her being made to meet the

requirements of Defendant The Citizens National Bank Of Lima 42 U.S.C. §

12182(D)(i)(ii) > See 28 C. F. R. § 36.303 (c)(2).  Plaintiff Pricer believed it was

fair and just, and that Plaintiff Eckhardt should be placed on the deed.  It was

only after Plaintiff Eckhardt began to suffer rapid increase in seizure activity to

the brain, causing further significant damage to the brain, and the effects of

Plaintiff Pricer receiving a diagnose of Aggressive Metastatic Breast Cancer that

Plaintiff Pricer became aware of the complete illegality of the mortgage loan and

the violations of the Constitutional Rights of Plaintiff Randi Lee Eckhardt and

Plaintiff Gwen Ruth Pricer 42 U S.C. § 1282 36.204.

## COUNT I

FAIR HOUSING ACT

All Plaintiffs v. All Defendants

27.    Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 27 inclusive of this Complaint as though set forth in full herein.

28.    Plaintiff Eckhardt is mentally and physically incompetent which substantially limits her major life activities

29.    Defendant The Citizens National Bank Of Bluffton, Defendant Citizens National Bank Lima Ohio and Defendant Mary Ann George, instituted a fraudulent mortgage loan for the purchase of home and instituted a fraudulent *demand deposit checking*account for the deposit of Federal funds paid to Plaintiff Eckhardt, fully aware of the mental and physical incompetency of the Plaintiff Eckhardt.

30.    Plaintiffs made such reasonable modifications to the home and property. Among other things, Plaintiff erected a barn facility, installed a perimeter fence for equine, planted trees and made other improvements to the Home.

31.    The fraudulent mortgage loan caused the Plaintiffs to be unable to maintain these improvements.

## COUNT II

FRAUDULENT INDUCEMENT

All Plaintiffs v. All Defendants

32.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 32, inclusive, of this Complaint as though set forth in full herein. Defendant Citizens National Bank Lima Ohio, and Defendant Mary Ann George, made representations to Plaintiff Pricer regarding the legal ability for Plaintiff Eckhardt to pen her name to a mortgage loan and open a demand deposit checking account for deposit of Federal funds to be used for payment of mortgage loan, insurance and taxes.

33.     Defendant Citizens National Bank Lima Ohio, and Defendant Mary Ann George, made these representations knowing them to be false or with reckless disregard for their truth or falsity, with the intent to fraudulently induce Plaintiff Gwen Ruth Pricer to enter into the mortgage loan and aid in the establishment of a demand deposit checking account by Plaintiff Eckhardt.

34.     The representations by Defendant Citizens National Bank Lima Ohio and Defendant Mary Ann George could reasonably have been foreseen to induce Plaintiff Pricer to reasonably and justifiably rely on them.  Plaintiff Pricer did, in fact, reasonably rely on those representations in deciding to enter into a mortgage loan, relocate her family to the home and property, and make improvements to both the home and property.  Plaintiff Pricer did not know the representations were false and had no reasonable independent means of ascertaining their truth or falsity.

16

COUNT III

RECKLESS NEGLIGENCE

All Plaintiffs v. All Defendants

35.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 35, inclusive, of this Complaint as though set forth in full herein.  Defendant Citizens National Bank Lima Ohio, and Defendant Mary Ann George, made representations to Plaintiff Pricer regarding the legal ability for Plaintiff Eckhardt to pen her name to a mortgage loan and open a demand deposit checking account for deposit of Federal funds to be used for payment of mortgage loan, insurance and taxes.

36.     The representations by Defendant Citizens National Bank and Defendant Mary Ann George, to induce Plaintiff Pricer, to enter into a mortgage loan wherein Plaintiff Eckhardt would pen her signature, was an intentional act of unreasonable character in disregard of risk known or so obvious that it must have been known and so great as to make it highly probably that harm would follow.

37.     The Defendants representations could reasonably have been foreseen to induce Plaintiff Pricer to reasonably and justifiably rely on them.  Plaintiff Pricer did, in fact, reasonably rely on those representations in deciding to enter into the mortgage loan for a home, relocate her family to the home, and make improvements for safety to their home and property  42 U.S.C. § 12182.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### All Plaintiffs v. All Defendants

38.  Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 38, inclusive, of this Complaint as though set forth in full herein

39.  In taking the actions described above, all the Defendants intended to cause emotional distress to the Plaintiffs or intended the specific actions they took and knew or should have known that emotional distress would likely result.

40.  The conduct of all the Defendants was and is extreme, outrageous and intolerable in that if offends against the generally accepted standards of decency and morality.

41.  The conduct of all the Defendants has caused and currently causes severe emotional distress to Plaintiff Pricer who is diagnosed with Malignant Breast Cancer and to Plaintiff Randi Lee Eckhardt who is mentally incompetent and suffers medically uncontrolled seizures to the brain.  Plaintiff Pricer and Plaintiff Eckhardt, are caused to endure daily emotional distress by the above referenced actions of the Defendants, which now makes Plaintiff Pricer incapable of accommodating the extreme needs of either herself or that of Plaintiff Eckhardt during her rapid health decline.

## COUNT V

CONSPIRACY

### All Plaintiffs v. All Defendants

42.    Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though set forth in full herein.

43.    All the Defendants conspired with each other to deprive Plaintiffs of their Rights under the protection of The Fair Housing Act, Americans with Disabilities Act, and the Fourteenth Amendment of the Constitution of these United States.

44.    All the Defendants each had knowledge of and agreed to these objectives and the actions taken in advancement of these objectives.

45.    As a direct result of all the Defendant's actions, Plaintiffs were deprived of the quiet and safe enjoyment of their home and property, suffered loss of improvements to the home and property, and endured physical and emotional distress inflicted by the Defendants 42 U.S.C. § 12182.

## PRAYER FOR

**WHEREFORE,** Plaintiffs pray judgment as follows:

1.      That the Court enter judgment for general damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

2.      That the court enter judgment for compensatory damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

3.      That the Court enter judgment for consequential damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

4.      That the Court enter judgment for double damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

5.      That the Court enter judgment for necessary damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

6.      That the Court enter judgment for punitive damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

7.      That the Court enter judgment for Plaintiffs' court costs, fees and any attorney fees permitted by law; and

8.      For such other and further relief as the Court may deem proper.

Respectfully submitted,

*Randi lee eckhardt*
Randi Lee Eckhardt

Dated 9/24/2018

Gwen Ruth Pricer
44 West Franklin Street # 1391
Hagerstown, Maryland 21740
(567) 712-1499
(419) 979-3439

20

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the of the Plaintiffs' *Complaint and Waiver of Service will be* served by November 2018, or by return complaint from the Court, by U.S. mail to the Registered Agent for the Defendants.  The Registered Agent is identified as: Citizens Bancshares, Inc. Citizens National Bank Holding Company (Regulatory Top Holders) *FDIC Number: 6531, Federal Reserve Number 73801*
102 South Main Street, Bluffton, Ohio 45817

> The Citizens National Bank Of Bluffton
> 102 South Main Street,
> Bluffton, Ohio 45817
> (419)358-8040
>
> Citizens Bancshares, Inc.
> C.E.O. J. Michael
> Citizens National Bank Holding Company (Regulatory Top Holders)
> *FDIC Number: 6531, Federal Reserve Number 73801*
> 102 South Main Street,
> Bluffton, Ohio 45817
> (419)358-8040
>
> Citizens National Bank
> 201 North Main Street,
> Lima, Ohio 45801
> (419)224-0400
>
> Mary Ann George
> Vice President Loan Originator
> Citizens National Bank
> 201 North Main Street,
> Lima, Ohio 45801
> (419)224-0400

*Randi lee eckhardt*
Randi Lee Eckhardt

Dated 9/24/2018
Gwen Ruth Pricer
44 West Franklin Street # 1391
Hagerstown, Maryland 21740
(567) 712-1499
(419) 979-3439

## CERTIFICATE OF REPRESENTATIONS

Pursuant to III of the Federal Rules of Civil Procedure, Plaintiffs Randi Lee Eckhardt and Gwen Ruth Pricer aver that the forgoing representations to the Court is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation and that the claims and other legal contentions are warranted by existing law or be a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law and that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Respectfully submitted,

Randi Lee Eckhardt

Gwen Ruth Pricer
44 West Franklin Street # 139
Hagerstown, Maryland 21740
(567) 712-1499
(419) 979-3439

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**<u>ALEXANDRIA</u> DIVISION**


**Randi Lee Eckhardt (Suspect Classification)**
<u>**Gwen Ruth Pricer,**</u> _____:
                 Plaintiff(s),
                v.

Civil Action Number: _____

**The Citizens National Bank of Bluffton**
**Citizens Bancshares, Inc.**
**Citizens National Bank**
<u>**Mary Ann George**</u> _____:
                Defendant(s).


# LOCAL RULE 83.1(M) CERTIFICATION


**I declare under penalty of perjury that:**


**No attorney has prepared, or assisted in the preparation of**  <u>**Complaint**</u>_____.
                                                        **(Title of Document)**

_____Gwen Pricer_____
Name of       Party (Print or Type)

_Dum R Prien_____

Signature of      Party

Executed on: _Sept.092018_____ (Date)


                                        **OR**


**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                       **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _____ (Date)